IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COMPASS PROPERTY MGMT LLC, <br><br> Plaintiff, <br><br> v. <br><br> BEVERLY LASTER and All Other Occupants, <br><br> Defendant. | CIVIL ACTION FILE NO. <br><br> 1:15-CV-02809-WSD-JFK |

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant Beverly Laster's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

AO 72A
(Rev.8/82)

## I. Background Facts

Plaintiff, Compass Property Mgmt LLC, the owner of the real property commonly known as 2716 Whites Mill Road, Decatur, Georgia 30034, filed a dispossessory proceeding in the Magistrate Court of DeKalb County, Georgia, on or about July 21, 2015, against Defendant Beverly Laster and all other occupants for failure to pay rent past. [Doc. 1-1 at 3 ("Dispossessory Warrant")]. On August 10, 2015, Defendant filed a notice of removal from the Magistrate Court of DeKalb County, Georgia. [Doc. 1-1].

## II. Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal

cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Laster bases her removal on federal question jurisdiction. [Doc. 1-1 at 1-2]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff Compass Property Mgmt LLC relied exclusively on state law when it filed a dispossessory proceeding in the DeKalb County Magistrate Court. [Dispossessory Warrant]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga.

App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added). Defendant Laster alleges that removal is proper on the basis of federal question jurisdiction, and in her Petition for Removal, she claims that Plaintiff's dispossessory proceeding violates her due process rights under the United States Constitution and her rights under 42 U.S.C. § 3631 and 15 U.S.C. § 1692. [Doc. 1-1]. However, the court concludes that no federal question is presented on the face of Plaintiff's well-pleaded complaint. [Dispossessory Warrant]. Defendant Laster does not contend that the court has jurisdiction on the basis of diversity [Doc. 1-1; Doc. 1-2, Civil Cover Sheet], and there is no evidence of complete diversity of citizenship between the parties.[1]  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430. For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

---

[1]Likewise, Defendant could not establish that the amount in controversy exceeds $75,000 as required for diversity jurisdiction. The complaint alleges less than $2000 in damages as of the filing of the pleading. [Dispossessory Warrant].

4

### III. Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 12th day of August, 2015.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE