IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COMPASS PROPERTY MGMT
LLC,

        Plaintiff,

v.

BEVERLY LASTER and All Others,

        Defendants.

1:15-cv-2809-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I. BACKGROUND

On July 21, 2015, Plaintiff Compass Property Mgmt LLC ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant Beverly Laster ("Defendant") in the Magistrate Court of DeKalb County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

---

[1] No. 15B053769.

On August 10, 2015, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is in the case a question of federal law.  In her Petition for Removal, Defendant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Housing Act, 42 U.S.C. § 3631 et seq., Rule 60 of the Federal Rules of Civil Procedure, and the Due Process Clause of the Fourteenth Amendment.  Defendant claims further that the Court "[has] the legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6 and 15 U.S.C. § 1692."  (Pet. for Removal at 1-2).

On August 12, 2015, Magistrate Judge King granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  The Magistrate Judge

also found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

B.  Analysis

Defendant does not object to the R&R's finding that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.  The Court does not find any plain error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Defendant did not object to this recommendation and the Court finds no plain error in it.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 18th day of September, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE